UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSSELL S. FRIEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:19 CV 6 |
| | ) |
| LLOYD & MCDANIEL, PLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss. (DE # 21.) For the reasons set forth below, the motion will be granted.

I.     BACKGROUND

Plaintiff Russell Friend brings this suit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (DE # 1.) Plaintiff filed his complaint on January 22, 2019. However, in the five months that followed the filing of his complaint, plaintiff took no other action to further his case.

Plaintiff eventually filed a proposed summons for the moving defendant, Lloyd & McDaniel, PLC ("L & M"), on July 1, 2019. (DE # 3 at 1.) Summons was issued on L & M the following day, on July 2, 2019. (DE # 4.) Also on July 2, 2019, plaintiff requested that L & M waive service of process. (DE # 14-1.)

On July 30, 2019, L & M filed a motion to dismiss plaintiff's claims against it, on the basis that plaintiff failed to timely serve it with process. (DE # 9.) The same day, plaintiff filed an amended complaint (DE # 11) and a motion for enlargement of time to

serve L & M (DE # 13). L & M filed a motion to dismiss plaintiff's amended complaint (DE # 21), maintaining that plaintiff's claims against it should be dismissed for failure to timely serve process, and adding new grounds for dismissal. Plaintiff did not respond to L & M's motion and the time to do so has passed. This matter is now ripe for ruling.

## II. LEGAL STANDARD

L & M moves to dismiss plaintiff's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2), (5) and 4(m).

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a claim for lack of personal jurisdiction. "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (internal citations omitted).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim for insufficient service of process. The plaintiff bears the burden of demonstrating that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(m) states, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

A district court is only required to grant an extension of time if the plaintiff can establish good cause for failure to timely serve a defendant. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

However, "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *Troxell*, 160 F.3d at 383. "As the text of [Rule 4] indicates, the decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas*, 646 F.3d at 1005.

## III. DISCUSSION

The parties agree that plaintiff did not timely serve L & M. "For cases originally filed in federal court, Rule 4(m)'s service clock starts on the date the complaint is filed." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018). Plaintiff's complaint was filed on January 22, 2019. (DE # 1.) Thus, pursuant to Rule 4(m), plaintiff was required to serve L & M by April 22, 2019. Yet, plaintiff did not attempt service until July 1, 2019 – 160 days after he filed his complaint, and 70 days after his Rule 4(m) deadline had expired. To date, plaintiff has not perfected service on L & M.

Plaintiff does not argue that he had good cause for this substantial delay. Thus, it is up to this court's discretion whether to grant plaintiff an extension of time to serve L & M, or to dismiss L & M from this case. *Troxell*, 160 F.3d at 383.

Rule 4 does not specify what factors the district court should consider in exercising this discretion. *Cardenas*, 646 F.3d at 1006. Generally, however, "district courts should consider the relative hardships of the parties in arriving at its discretionary choice between dismissal and extension of time." *Id.* The Seventh Circuit has identified several factors a court could consider in determining whether to grant an extension of time, including: harm to defendant's ability to defend; defendant's receipt of actual notice of the suit; expiration of the statute of limitations; defendant's evasion of service; defendant's admission of liability; windfall to the defendant; whether plaintiff requested an extension of time to perfect service; and whether plaintiff diligently pursued service during the statutory period. *Id.* at 1006-07 (collecting cases). However, "even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Id.* at 1007.

Here, there is no issue of L & M evading service, or any other circumstance that might complicate service or explain why service was not completed in a timely fashion. Plaintiff (or his attorney) is to blame for the untimely, and to-date unaccomplished, service on L & M; he simply did not attempt service until the time to do so had expired.

In his motion for extension, plaintiff points to the fact that the 30-day time period to waive service, identified in the request for waiver, had not yet expired. This is irrelevant; the Rule 4 deadline expired more than 70 days before plaintiff sent the request for waiver of service.

Plaintiff argues that L & M would not be prejudiced if this court granted plaintiff an extension. This appears to be true. Moreover, although plaintiff does not raise the issue, it appears that plaintiff would be prejudiced if the court declines to grant an extension. The statute of limitations in an action under the Federal Debt Collection Practices Act is one year. 15 U.S.C. § 1692k(d). The dates referenced in plaintiff's amended complaint are November 30, 2017, and December 29, 2017. (DE # 11 at 13.) Plaintiff's amended complaint also references a subpoena that appears to have been served on January 21, 2018. (*See* DE # 11 at 15; DE # 17-1.) Plaintiff's suit was filed more than one year from November 30, 2017, and December 29, 2017. Moreover, given that January 21, 2019, was a federal holiday, plaintiff's present lawsuit appears to have been filed on the last day within the statute of limitations – even more reason for plaintiff to have treated the Rule 4 deadline with caution. "An attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal." *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). While plaintiff will be foreclosed from re-filing his suit against L & M because the statute of limitations has expired, a district court may properly decline to extend the

5

deadline for service even though the expiration of the statute of limitations would bar refiling the suit. *Cardenas*, 646 F.3d at 1006.

The court has considered the relevant factors, including the fact that plaintiff will be foreclosed from re-filing against L & M, and nevertheless finds that plaintiff's substantial delay in initiating service on L & M should not be excused. This is not a case in which plaintiff attempted to serve L & M within the statutory period, but was unable to perfect service within that time frame. Here, plaintiff made no attempt to serve L & M, or request a waiver of service, until 70 days *after* his deadline to do so expired. Plaintiff makes no attempt to justify his lack of diligence.

In light of the foregoing considerations, the court finds that a permissive extension of time is not warranted. "Even though service of process today has become more flexible than it once was, it is still a critical part of a lawsuit. It is a weighty matter to receive a formal summons from a court, demanding that one appear to defend the claims set forth in the attached complaint." *Troxell*, 160 F.3d at 382. Plaintiff failed to treat this matter with due regard. The court, therefore, will grant L & M's motion to dismiss. *See also Cardenas*, 646 F.3d at 1007 (district court's decision to dismiss defendant, rather than to extend time for service, was an "eminently reasonable" way to hold plaintiffs accountable "for their unexplained inaction in the face of their crucial burden to timely serve [defendant] with process.").

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Lloyd & McDaniel, PLC's motion to dismiss. (DE # 21.) The court **DENIES AS MOOT** defendant Lloyd & McDaniel, PLC's motion for reconsideration. (DE # 20.) The court **DENIES** plaintiff Russell Friend's motion for enlargement of time. (DE # 13.)

**SO ORDERED.**

Date: January 16, 2020

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT