# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| RUSSELL S. FRIEND, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:19 CV 6 |
| LLOYD & MCDANIEL, PLC, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss. (DE # 27.) For the reasons set forth below, the motion will be granted.

## I.   BACKGROUND

Plaintiff Russell Friend brings this suit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (DE # 1.) Plaintiff filed his amended complaint naming the moving defendants – Resurgent Holdings, LLC, Resurgent Capital Services, LP, Sherman Capital Markets, LLC, and Alegis Group, LLC – as parties on July 30, 2019. (DE # 11.) Plaintiff filed proposed summonses for the moving defendants the same day. (DE # 12.) Summonses were issued the following day, on July 31, 2019. (DE # 15.)

On February 20, 2020, the Magistrate Judge ordered plaintiff to file proof of service/return of summons with respect to the moving defendants by March 16, 2020. (DE # 24.) To date, plaintiff has not complied with the Magistrate Judge's order.

The same day as the Magistrate Judge's order, the moving defendants filed a motion to dismiss plaintiff's amended complaint, on the basis that plaintiff's claims

against them should be dismissed for failure to timely serve process. (DE # 27.) Plaintiff did not respond to defendants' motion and the time to do so has passed. This matter is now ripe for ruling.

## II. LEGAL STANDARD

Defendants move to dismiss plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(2), (5) and 4(m).

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a claim for lack of personal jurisdiction. "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (internal citations omitted).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim for insufficient service of process. The plaintiff bears the burden of demonstrating that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(m) states, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

A district court is only required to grant an extension of time if the plaintiff can establish good cause for failure to timely serve a defendant. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002).

However, "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *Troxell*, 160 F.3d at 383. "As the text of [Rule 4] indicates, the decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas*, 646 F.3d at 1005.

III. DISCUSSION

"For cases originally filed in federal court, Rule 4(m)'s service clock starts on the date the complaint is filed." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018). Plaintiff's amended complaint, which first named the defendants as parties, was filed on July 30, 2019. (DE # 11.) Thus, pursuant to Rule 4(m), plaintiff was required to serve defendants by October 28, 2019. To date, plaintiff has not served defendants. Plaintiff also has not responded to defendants' motion to dismiss, requested additional time to serve defendants, or otherwise explained his failure to serve defendants. In short, plaintiff has given this court no reason to grant a discretionary extension of time. Accordingly, defendants' motion will be granted.

3

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss. (DE # 27.) The Clerk is **DIRECTED** to terminate defendants Resurgent Holdings, LLC, Resurgent Capital Services, LP, Sherman Capital Markets, LLC, and Alegis Group, LLC, from this case.

**SO ORDERED.**

Date: April 9, 2020

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT