UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **RUSSELL S. FRIEND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 4:19 CV 6 |
| | ) |
| **LLOYD & MCDANIEL, PLC,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

### OPINION and ORDER

This matter is before the court on defendant CACH, LLC's motion to dismiss. (DE # 33.) For the reasons set forth below, the motion will be denied.

I.   BACKGROUND

Plaintiff Russell Friend brings this suit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (DE # 1.) Plaintiff filed his original complaint on January 22, 2019. (DE # 1.) Six months later, plaintiff filed proposed summonses for the named defendants, including CACH. (DE # 3.) Plaintiff filed an amended complaint on July 30, 2019 (DE # 11), and CACH filed an answer to the amended complaint. (DE # 18.) This court dismissed CACH's co-defendants – Lloyd & McDaniel, PLC, Resurgent Holdings, LLC, Resurgent Capital Services, LP, Sherman Capital Markets, LLC, and Alegis Group, LLC – based on plaintiff's failure to timely serve these defendants. (DE ## 23, 32.)

CACH now moves to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 41(b), for want of prosecution. (DE # 33.) Plaintiff did not respond to defendant's motion and the time to do so has passed. This matter is now ripe for ruling.

II.     **LEGAL STANDARD**

Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Rule 41(b), the court is required to tailor sanctions to the severity of the plaintiff's misconduct. *Nelson v. Schultz*, 878 F.3d 236, 238-39 (7th Cir. 2017). "To evaluate the proportionality of dismissing a case under [Rule 41(b)], a district judge must assess whether the plaintiff's 'neglect in pursuing his case was sufficiently serious to warrant dismissal.'" *Id.* at 239 (quoting *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012)). Dismissal is a harsh sanction that should be reserved for the most extreme situations. *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019).

A number of factors are relevant to the court's decision to dismiss for want of prosecution under Rule 41. The court should examine: "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation

represents." *Kasalo v. Harris & Harris*, Ltd., 656 F.3d 557, 561 (7th Cir. 2011); *see also Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

### III.   DISCUSSION

At this stage, plaintiff's neglect in pursuing his case is not sufficiently serious as to warrant dismissal for want of prosecution. It is true that plaintiff was not diligent in serving process on the named defendants, and his lack of diligence resulted in the dismissal of all defendants who moved for dismissal under Federal Rule of Civil Procedure 4(m). CACH did not so move, and the standard under Rule 41(b) is more strenuous.

Here, dismissal is not yet a proportionate response to the shortcomings defendant identifies. Defendant argues that, since filing his amended complaint in July 2019, plaintiff has not done anything to progress his claims against CACH. However, the parties recently filed a joint scheduling order, reflecting their Rule 26(f) planning meeting. (DE # 35.) Moreover, a scheduling order was not put in place until April 20, 2020, due to the pending motions to dismiss and both parties' failure to comply with the initial deadline to file a joint discovery plan. At this point in time, dismissal for want of prosecution is not yet warranted.

Defendant also states that, as of May 1, 2020, plaintiff had not complied with Magistrate Judge Martin's discovery order requiring the exchange of Rule 26(a) disclosures by April 23, 2020. (*See* DE # 36.) Plaintiff is cautioned that any future failure to comply with a court order (including all discovery orders), and any future failure to

diligently pursue his case, may result in the dismissal of this action without further warning from the court.

IV.     **CONCLUSION**

For the foregoing reasons, the court **DENIES WITHOUT PREJUDICE** defendant's motion to dismiss, with leave to re-file if appropriate. (DE # 33.)

**SO ORDERED.**

Date: May 14, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT