**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| RUSSELL S. FRIEND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:19-CV-06-JTM-JEM |
| | ) | |
| LLOYD & MCDANIEL, PLC, *et al*., | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion for Sanctions Under Fed. R. Civ. P. 37(d) [DE 40], filed by Plaintiff on July 29, 2020. Defendants filed a response on July 29, 2020, and on July 31, 2020, Plaintiff filed a reply.

On September 3, 3030, District Court Judge James T. Moody entered an Order [DE 47] referring the matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion for Sanctions pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.      Background**

Plaintiff filed his Complaint on January 22, 2019, including claims arising under the Fair Debt Collections Act. Judge Moody granted a motion to dismiss on April 9, 2020, terminating a number of defendants from the case. On April 20, 2020, the Court entered a scheduling order governing discovery between Plaintiff and the remaining defendant, CACH, LLC, with a deadline of July 31, 2020, for the close of discovery.

Plaintiff asserts that it properly served a notice setting a Rule 30(b)(6) deposition for July 29, 2020, and that Defendant failed to appear. He now requests that the Court sanction Defendant by directing facts to be taken as established, prohibiting Defendant from supporting or opposing

claims, striking its pleadings, or entering an order of default against it, as well as awarding costs and fees.

## II.    Analysis

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37 provides for sanctions in particular discovery-related instances, including failure of a 30(b)(6) designee to appear for a deposition "after being served with proper notice." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37 also requires that a "motion for sanctions . . . must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1). Likewise, Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1.

Plaintiff requests that the Court order sanctions against Defendant for its failure to attend oral deposition. Plaintiff noticed a 30(b)(6) deposition for July 29, 2020, to be taken via audiovisual remote means. Plaintiff asserts that Defendant, through its attorneys, received the notice on July 15, 2020, 14 days before the deposition setting, and that the deposition was scheduled to occur prior to the July 31, 2020, discovery deadline in this case. Counsel for Plaintiff represents that he emailed and called counsel for Defendant on July 29, 2020, leaving two voicemails, but that he

did not receive any immediate response. Plaintiff argues that it is appropriate for sanctions to be entered directing designated facts to be taken as established in favor of Plaintiff, prohibiting Defendant from supporting or opposing claims or defenses, entirely striking Defendant's pleadings, or rendering a default judgment against Defendant. He also requests assessment of fees. In response, Defendant argues that sanctions are inappropriate. Defendant argues that the Notice of Deposition was defective and that it timely objected. It asserts that after receiving the notice of deposition, counsel for Defendant sent a letter of objection on July 17, 2020, objecting to the deposition notice, the method of notice, and the untimely service of written discovery, and requesting a conference to resolve the concerns, but that counsel for Plaintiff failed to meet and confer.

Federal Rule of Civil Procedure 30 requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). It also provides that, in lieu of in-person depositions, "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Northern District of Indiana Local Rule 30-1 governs the scheduling of depositions, and requires attorneys to "try in good faith to schedule depositions to avoid calendar conflicts" and to "schedule depositions with at least 14-days' notice, unless opposing counsel agrees to shorter notice or the court orders otherwise."

Plaintiff argues that the notice of deposition for July 31, 2020, was received by Plaintiff on July 15, 2020, complying with the requirement of fourteen days' notice. He does not address the requirement to attempt to try to schedule depositions to avoid calendar conflicts, nor does he argue

3

that he attempted to meet and confer regarding the number of issues with the deposition raised by Defendant in their letter of July 17, 2020. Counsel for Plaintiff states that he emailed counsel for Defendant at the time of the deposition and left two voicemails shortly afterward, without receiving a return phone call, satisfying his obligation to attempt to confer. He then filed the instant Motion for Sanctions the same day. In response, Defendant attaches the letter sent to counsel for Plaintiff on July 17, 2020, outlining a number of objections to the deposition notice and requesting a conference to resolve the disputes. Defendant also attaches email correspondence between the parties' attorneys. In the emails, counsel for Defendant restate their lack of consent to the manner of deposition and opinion that the notice was defective. In his email response, counsel for Plaintiff merely states, "There is no court order precluding the deposition. You must present your witness."

Defendant argues that it did not stipulate to remote deposition, nor did Plaintiff discuss methods of taking the deposition after Defendant raised its concerns, including the fact that the notice did not describe how the audiovisual connection would be made. In reply, Plaintiff asserts that because the Court's General Orders regarding the global COVID-19 pandemic provide for use of video teleconferencing, he was excepted from having to obtain a stipulation or court order to hold a remote deposition. The most recent General Order provides, "All in-person civil court proceedings will be converted to telephonic or videoconference proceedings. Case-by-case exceptions to conduct non-jury, in-person proceedings will be at the discretion of the assigned District or Magistrate Judge after consultation with counsel." General Order 2020-20. Plaintiff does not argue that a deposition is an in-person court proceeding. Although the use of telephonic or videoconference means for conducting depositions is certainly encouraged, especially during the current public safety concerns, it is not mandated. Plaintiff has not attempted to obtain a

4

stipulation to remote deposition, nor has he moved for a court order regarding the format of the deposition.

Defendant also argues that Plaintiff did not adequately attempt to resolve the dispute prior to involving the Court. Plaintiff failed to meet and confer, as counsel for Defendant requested, but merely made demands by email and voicemail and then filed the instant motion the day of the deposition before actually discussing the matter with Defendant. This one-sided communication and failure to engage with opposing counsel does not comply with the spirit of the Rules.

In short, Plaintiff waited until discovery was almost closed to notice a 30(b)(6) deposition, without first attempting to schedule the deposition or the method of taking it with Defendant, and did not work with Defendant to resolve the concerns raised in good faith. Although the notice does technically comply with the requirement that it be made fourteen days before the scheduled deposition, it does not include the time and place for an in-person deposition or information about the proposed audiovisual method. In addition, there is no indication that Plaintiff attempted to coordinate a deposition time prior to filing the notice or that he attempted to obtain a stipulation for telephonic deposition. If Plaintiff needed additional time to complete discovery or to work with Defendant to find an appropriate time to take the deposition, he could have requested additional time from the Court, and, if unable to reach a stipulation with opposing counsel, could have moved for video depositions. However, instead of working to resolve the disputes through the meet and confer process, moving for additional time, requesting a court order for a telephonic deposition, or even moving to compel Defendant to make its witness available, Plaintiff filed the instant Motion for Sanctions, requesting default judgment in his favor or at least that Defendant's ability to present its case be severely limited. None of the requested sanctions are warranted in this case.

5

**III.    Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that District Court Judge James T. Moody **DENY** the Motion for Sanctions Under Fed. R. Civ. P. 37(d) [DE 40].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections to the decision on the Motion for Sanctions with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 25th day of September, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
Judge James T. Moody

6