UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSSELL S FRIEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CV 6 |
| | ) |
| CACH, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

**I.     BACKGROUND**

Plaintiff Russell Friend brought this suit pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. (DE # 11.) Plaintiff contends that defendant CACH, LLC violated the following provisions of the FDCPA: § 1692g(b) by failing to cease communication and/or validate plaintiff's debt; § 1692e(8) by reporting an inaccurate balance to the credit bureaus; § 1692f(1) by attempting to collect amounts not authorized by the agreement creating the debt; and § 1692c(a)(2) by communicating directly with plaintiff, despite notice of counsel. (DE # 11 at 13-15.)

After the close of discovery, defendant moved for summary judgment. (DE # 51.) Plaintiff, who is represented by counsel, failed to respond.

On September 2, 2021, this court ordered the parties to submit supplemental briefs addressing the question of plaintiff's standing to sue. (DE # 55.) Both parties filed supplemental briefs. (DE ## 56, 57.) After consideration of the parties' briefs, the record,

and the relevant precedent, the court finds that this case must be dismissed for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are obliged to police the constitutional limitations on their jurisdiction. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). Thus, federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

"Article III limits federal courts to resolving 'Cases' and 'Controversies.' To ensure that what is before them is in fact a case or controversy, federal courts require that plaintiffs have 'standing' to sue. That means a plaintiff must have suffered an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. May 14, 2021).

"As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing the elements of standing." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020). When the question of standing is raised at the summary judgment stage, as it is here, "[t]he plaintiff must supply evidence of specific facts that, taken as true, show each element of standing." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, -- F.4th --, 2021 WL 3877930, at *2 (7th Cir. Aug. 31, 2021) (cleaned up).

### III. DISCUSSION

This case turns on the injury in fact requirement of standing. "An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Markakos*, 997 F.3d at 780. "To be cognizable in federal court, an injury must be concrete; that is, it must be real, and not abstract. Though traditional tangible harms, such as physical harms and monetary harms, most readily qualify as concrete injuries, various intangible harms can also be concrete." *Wadsworth*, -- F.4th --, 2021 WL 3877930, at *2 (cleaned up). "[T]he violation of an FDCPA provision, whether 'procedural' or 'substantive,' does not necessarily cause an injury in fact. Rather, to fulfil the injury in fact requirement, the violation must have harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect." *Markakos*, 997 F.3d at 780 (cleaned up). "For example, an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt." *Id.* However, abstract injuries such as confusion and annoyance do not qualify as injuries in fact in this context. *Id.* at 781. Nor do anxiety, stress, intimidation, or embarrassment. *Wadsworth*, -- F.4th --, 2021 WL 3877930, at *3.

In his supplemental brief, the only claim for which plaintiff argues this court has standing is his claim under § 1692c(a)(2). In this claim, plaintiff alleges that defendant unlawfully communicated directly with him, despite notice that he was represented by counsel. While plaintiff alleges that this direct communication interfered with the

3

attorney-client relationship and undermined plaintiff's attorney's authority as his representative (DE # 56 at 2), he points to no fact in the record to support his claim and presents no evidence of concrete harm. Accordingly, he lacks standing to pursue this claim. *See Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (dismissing plaintiff's § 1692c(a)(2) claim for lack of standing where the only alleged injury resulting from defendant's direct communication with plaintiff was stress and confusion).

Plaintiff failed to address his standing to sue on any of his other claims, and has therefore waived any argument he may have on the issue. The court finds that plaintiff lacks standing to sue on his remaining three claims.

First, plaintiff claims that defendant violated § 1692g(b) by failing to cease communication and/or validate the debt. However, he has not pointed to any concrete harm associated with this alleged violation. Plaintiff has not pointed to any evidence that he took any action he would not have otherwise taken, such as paying money on a debt that he would have otherwise disputed, or that he was deprived of any benefit he otherwise would have obtained but-for defendant's alleged violation. In the absence of any such evidence, plaintiff lacks standing to pursue this "bare procedural violation, divorced from any concrete harm[.]" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 344 (2016), as revised (May 24, 2016).

Likewise, plaintiff lacks standing to pursue his claim under § 1692f(1), alleging that defendant attempted to collect amounts not authorized by the agreement creating the debt. Plaintiff has failed to identify any evidence that he suffered concrete harm that

4

he would not have incurred had defendant complied with the FDCPA. *See Wadsworth*, -- F.4th --, 2021 WL 3877930, at *3.

Finally, plaintiff claims that defendant violated § 1692e(8) by reporting an inaccurate balance to the credit bureaus. While the reporting of an inaccurate balance to a credit bureau certainly could cause injury in fact by causing an inaccurate credit rating and thus creating a risk of real financial harm, *see Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018), plaintiff has not pointed to any evidence in this case that an inaccurate balance was reported or that his credit was effected. Accordingly, plaintiff lacks standing to pursue this claim.

In this case, plaintiff has failed to point to any fact in the record demonstrating that any of the alleged violations of the FDCPA caused him concrete harm, or presented an appreciable risk of harm, related to the Act. In his supplemental brief, plaintiff merely recites the allegation from his amended complaint that "Defendant['s] conduct damaged Plaintiff financially[.]" (DE# 56 at 1; DE # 11 at 15.) Reliance on an allegation in his pleadings is insufficient at this stage in the litigation. Plaintiff was required to produce evidence of specific facts that, taken as true, establish injury in fact. He failed to do so. Furthermore, this court has reviewed the summary judgment record and no such evidence can be found. Because plaintiff has not established that he suffered a concrete injury traceable to defendant's alleged FDCPA violations, he lacks standing to sue and his suit must be dismissed on jurisdictional grounds.

5

## IV. CONCLUSION

For the foregoing reasons, the court **DISMISSES** this case *sua sponte* for lack of subject matter jurisdiction.

**SO ORDERED.**

Date: September 17, 2021

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT